**Claudex SIMMONS, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 90319.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 17, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 21, 2008.

Application for Transfer Denied
Aug. 26, 2008.

Scott Thompson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for respondent.

Before: KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

Appellant Claudex Simmons, Jr. appeals from the judgment of the Circuit Court of St. Louis County, the Honorable Larry L. Kendrick presiding. Simmons pled guilty to second degree murder § 565.021 RSMo, armed criminal action § 571.015 RSMo, stealing: third offense § 570.030 RSMo and § 570.040 RSMo, leaving the scene of an accident § 577.060 RSMo, and possession of drug paraphernalia § 195.233 RSMo. The circuit court sentenced him to consecutive life sentences for the second degree murder and armed criminal action counts; four-year sentences for stealing: third offense and leaving the scene of an accident; and one year for possession of drug paraphernalia. Simmons filed a timely motion for post-conviction relief which was denied by the motion court without an evidentiary hearing.

Simmons raises two claims of ineffective counsel. He argues his trial counsel was ineffective for 1) failing to watch the video-tape of him stealing from the store prior to trial and 2) an alleged conflict of interest between him and counsel. Simmons also raises a claim that there was not a sufficient factual basis for his guilty plea to armed criminal action. Simmons claims the motion court erred in denying his motion for relief without an evidentiary hearing for his ineffective counsel claims, and that the motion court erred in denying his claim of an insufficient factual basis for his guilty plea to armed criminal action.

We have reviewed the briefs and the record on appeal, and no error of law appears. Thus, a written opinion would have no precedential value. The parties have been given a memorandum, for their information only, setting forth the reasons for this order. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.